UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dennis L. Halverson,

    Plaintiff,

v.

Sergeant Glen Schneider, Officer Brian Wentworth, Officer Larson, and Secretary Jeanne Reagan, *each individually and in their official capacities as police officers and employees for the City of Champlin*,

    Defendants.

Case No. 15-cv-4297 (WMW/DTS)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

    Plaintiff Dennis L. Halverson commenced this lawsuit against Defendants Sergeant Glen Schneider, Officer Brian Wentworth, Officer Paul Larson, and Secretary Jeanne Reagan—in their individual and their respective official capacities as police officers and employees for the City of Champlin, Minnesota. Halverson alleges that his arrest following a dispute with a neighbor on December 6, 2013, violated his civil and constitutional rights. He also alleges that certain reports related to his arrest were redacted in violation of the Minnesota Government Data Practices Act (MGDPA), Minn. Stat. §§ 13 *et seq*. Currently before the Court is the April 25, 2018 Report and Recommendation (R&R) of United States Magistrate Judge David T. Schultz. (Dkt. 80.) The R&R recommends granting Defendants' motion for summary judgment.

    Halverson filed timely objections to the R&R. The Court reviews de novo any aspect of an R&R to which a party timely objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b)(3); LR 72.2(b)(3). Such objections to an R&R must be specific. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) ("Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections."). In the absence of specific objections, the Court reviews an R&R for clear error. Fed. R. Civ. P. 72(b) 1983 advisory committee note; *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Instead of identifying specific objections to the R&R's analysis, Halverson's objections suggest purported negative consequences should the Court adopt the R&R. Absent specific objections, the Court reviews the R&R for clear error.

Summary judgment is proper when the record establishes that no genuine dispute exists as to any material fact and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the Court considers the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. *See Windstream Corp. v. Da Gragnano*, 757 F.3d 798, 802-03 (8th Cir. 2014). When asserting that a fact is genuinely disputed, the party opposing summary judgment must cite "particular parts of materials in the record" that support the assertion. Fed. R. Civ. P. 56(c)(1)(A); *accord Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).

The R&R broadly construes Halverson's claims and recommends granting Defendants' motion for summary judgment because no genuine dispute of material fact exists that supports Halverson's claims. In opposing summary judgment, Halverson must identify "particular parts of materials in the record" that establish a genuine dispute of

material fact. Fed. R. Civ. P. 56(c)(1)(A). But he fails to do so. Halverson does not identify specific evidence in the record that challenges the R&R's analysis of his claims.

Having completed its review, the Court concludes that the R&R is neither clearly erroneous nor contrary to law. The R&R thoroughly addresses Halverson's claims and correctly determines that there are no genuine disputes as to any material fact. Accordingly, the Court overrules Halverson's objections and adopts the R&R.

**ORDER**

Based on the foregoing analysis and all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Plaintiff Dennis L. Halverson's objections to the Report and Recommendation, (Dkt. 84), are **OVERRULED**;

2. The April 25, 2018 Report and Recommendation, (Dkt. 80), is **ADOPTED**; and

3. Defendants' motion for summary judgment, (Dkt. 56), is **GRANTED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 13, 2018
s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge